```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
PRIME PROPERTY & CASUALTY INSURANCE INC.,                        :
                                                                 :
                                   Plaintiff,                    :
                                                                 :     20 Civ. 5737 (JPC)
                 -v-                                             :
                                                                 :        OPINION
ELANTRA LOGISTICS LLC et al.,                                    :       AND ORDER
                                                                 :
                                   Defendants.                   :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

This declaratory judgment action seeks adjudication of the rights of various individuals and entities involved in an October 18, 2019 multi-vehicle accident in Brooklyn. But first, the Court must address the threshold issue of its jurisdiction. In its Second Amended Complaint, Plaintiff Prime Property & Casualty Insurance Inc. ("Prime") relies on federal diversity jurisdiction but has not sufficiently alleged diverse citizenship of all Defendants in this action, most notably, Certain Underwriters at Lloyd's London ("Lloyd's"). The Court therefore dismisses the Second Amended Complaint without prejudice and grants Prime leave to amend once again to attempt to cure the pleading deficiencies discussed herein.

## I. Background

On October 18, 2019, a semi-truck hauling a trailer, a school bus, and other vehicles crashed in Brooklyn. *See* Dkt. 64 ("Second Amended Complaint") ¶ 54. Prime insured Elantra Logistics LLC ("Elantra"), which in turn had retained as an independent contractor Pierre Anslot Derisseau, the truck driver involved in the accident. *See id.* at ¶ 20. Prime sues Elantra; Elantra's principal, Andrew Feinman; Derisseau; and Desirreau's business, Ansleaux Trucking Corporation,

as well as many other natural persons and entities allegedly involved in the accident and their insurers, including Ansleaux Trucking's insurer, Lloyd's. *See id.* at ¶¶ 2-13, 80.

Prime commenced this suit on July 23, 2020 with the original Complaint, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. 1. On August 21, 2020, the Honorable Analisa Torres, to whom this case was previously assigned, identified deficiencies in Prime's pleading of Elantra's citizenship and ordered Prime to amend its Complaint by September 4, 2020. Dkt. 35. Prime then filed its First Amended Complaint on September 3, 2020. Dkt. 37.

This case was reassigned to the undersigned on September 29, 2020, and a status conference was held on November 12, 2020. At that conference, Prime advised that it had identified the insurer that issued the relevant policy to Ansleaux Trucking, and the Court granted Prime leave to amend to add that entity, soon revealed to be Lloyd's. The Court further granted Elantra and Feinman leave to file a motion to dismiss.

On December 23, 2020, Prime filed the Second Amended Complaint, adding Lloyd's as a Defendant. The Second Amended Complaint seeks declaratory judgments adjudicating the rights of the many parties involved in the accident. Second Amended Complaint ¶¶ 82-104. The sole basis asserted for this Court's subject matter jurisdiction remains diversity jurisdiction pursuant to section 1332(a). *Id.* at ¶ 14. The Second Amended Complaint alleges that Prime, a corporation, is a citizen of Illinois and Utah. *Id.* ¶ 2. The corporate Defendants are variously alleged to be citizens of Connecticut, New Jersey, and New York. *Id.* ¶¶ 2, 6, 10, 11. The individual Defendants are all alleged to be "resident[s]" of New York. *Id.* ¶¶ 4, 7-9. And Lloyd's is alleged to be "a syndicate . . . whose principal place of business is located in London, England." *Id.* ¶ 12.

On January 16, 2021, Elantra and Feinman moved to dismiss on various grounds pursuant to Rules 12(b)(1) and 12(b)(6), including that the Court lacks diversity jurisdiction, that the Court

2

should stay this matter pending a related state court action in Nassau County, and that the Court should abstain from deciding this dispute. *See* Dkt. 72 ¶¶ 8, 10, 23.

## II. Discussion

Title 28, United States Code, Section 1332(a) provides for federal subject-matter jurisdiction over lawsuits between completely diverse plaintiffs in which the amount in controversy exceeds $75,000. If citizens of the same state are on different sides of the suit, complete diversity does not exist. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267-28 (1806). The burden to show diversity jurisdiction lies with the plaintiff. *See Advani Enters. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). When "reviewing a facial attack to the court's jurisdiction," the Court "draw[s] all facts—which [it] assume[s] to be true unless contradicted by more specific allegations or documentary evidence—from the complaint." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (citation omitted).

The citizenship of parties depends on their nature. Natural persons are citizens of the states where they are domiciled, *see, e.g., Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000), meaning the last states in which they were resident with the intent to remain indefinitely, *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Corporations are citizens of the states in which they are incorporated and maintain their principal places of business. *See* 28 U.S.C. § 1332(c). And unincorporated associations have the citizenships of their members. *See Utd. Steelworkers of Am. v. R.H. Boulingy, Inc.*, 382 U.S. 145, 149-51 (1965).

As the Second Circuit has explained, Lloyd's has a "unique structure" that creates particular issues for assessing diversity jurisdiction. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.* ("*Squibb I*"), 160 F.3d 925, 928 (2d Cir. 1998). Lloyd's is an unincorporated insurance marketplace made up of anonymous underwriters called "Names," who invest in a percentage of

3

the policy risk. *See id.* Each Name is unlimitedly liable for its share of the loss on a policy that it underwrites. *See id.* ("In other words, the liability of each Name on any given policy, while unlimited, is several and not joint."). Lloyd's Names form "syndicates" which, though they have "no independent legal identity," organize together to underwrite policies. *Id.* Each syndicate is led by a Name who acts as lead underwriter to represent the collective interests of the Names in that syndicate. *See id.* Each policy typically lists a lead underwriter from one of the underwriting syndicates and that underwriter is ordinarily the one sued, though both it and all other Names underwriting the policy are liable in the event of an adverse judgment. *See id.*

The Second Circuit has explored the jurisdictional complexities raised by the Lloyd's structure, including in the context of two appeals in a declaratory judgment action against various insurance companies concerning indemnification for product liability claims arising from the drug, diethylstilbestrol. *See Squibb I*, 160 F.3d 925; *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154 (2d Cir. 2001) ("*Squibb II*"). In that case, the complaint named a British individual as a representative of certain underwriters at Lloyd's. *Squibb I*, 160 F.3d at 928. The court in *Squibb I* explained that diversity turns on the citizenships of the represented indviduals—*i.e.*, the unidentified underwriters—not the citizenship of the representative, and found that no exception to this general rule applied. *Id.* at 931-35("The general rule undoubtedly is 'that federal courts must look to the individuals being represented rather than their collective representative to determine whether diversity of citizenship exists.'" (citation omitted)). The court thus held "that when a Lloyd's lead underwriter is sued in a representative capacity (but not in a collective action) each and every Name whom the lead underwriter represents must be completely diverse." *Id.* at 939.

The court in *Squibb I* remanded to the district court to determine whether to dismiss the

4

underwriter (who had since passed away) as a representative defendant and add another Lloyd's underwriter as an individual Name defendant. *Id.* at 935-39. When the case came back to the Second Circuit, in *Squibb II*, the court approved of the substitution of that Name as a defendant in an *individual* capacity. *Squibb II*, 241 F.3d at 161-62.

In this case, Prime sues not a specific underwriter at Lloyd's, but generally sues Lloyd's as an organization, alleging that it "is a syndicate of insurance underwriters whose principal place of business is located in London, England." Second Amended Complaint ¶ 12. As an unincorporated business organization, Lloyd's has the citizenship of each of its members. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088-89 (11th Cir. 2010); *see also Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998). As such, "pleading . . . every member's citizenship is essential to establishing diversity jurisdiction." *Underwriters at Lloyd's, London*, 613 F.3d at 1088. Prime has not done so. When "the pleadings . . . identify neither the citizenship[s] of the individual investors nor . . . of the managing/lead underwriter" for Lloyd's, the Court cannot determine the defendant's citizenship. *Advani Enters.*, 140 F.3d at 161. Prime thus has not sufficiently pleaded diversity jurisdiction.

Prime's only response is that Elantra "cannot rely on the purported lack of diversity of a different defendant." Dkt. 84 at 8. This argument is not persuasive. The Court "must dismiss" the case "at any time that it lacks subject-matter jurisdiction" regardless of whether the moving party, considered alone, is diverse. Fed. R. Civ. P. 12(h)(3). No party is required to assert a defect to subject-matter jurisdiction and no party can waive one. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998); *see also e.g.*, *Oppenheim v. Sterling*, 368 F.2d 516, 517-18 (10th Cir. 1966) (affirming dismissal for lack of diversity jurisdiction after a defendant noted that other defendants shared the plaintiffs' citizenship). Indeed, in *Squibb I*, the Second Circuit *sua sponte*

5

raised the issue despite the parties' "vehement[]" desire for there to be diversity jurisdiction. 160 F.3d at 929 ("[N]o amount of agreement by the parties can create jurisdiction where none exists." (citing *Philippines v. Marcos*, 806 F.2d 344, 352 (2d Cir. 1986)).

The Court notes, however, that the Second Circuit endorsed in *Squibb I* (and affirmed in *Squibb II*) a potentially less cumbersome route to diversity jurisdiction in lawsuits involving Lloyd's. Rather than suing Lloyd's or a Lloyd's syndicate, a plaintiff can sue the lead underwriter in its *individual*, rather than *representative*, capacity. As indicated above, the Second Circuit in *Squibb I* made clear that, while there must be complete diversity of all Names when a lead underwriter is sued in a representative capacity, "when a Lloyd's Name (including a lead underwriter) is properly sued only in an individual capacity, it is that Name's characteristics, both as to citizenship and jurisdictional amount, that are determinative for jurisdictional purposes." *Squibb I*, 160 F.3d at 939; *see Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222-23 (3d Cir. 1999) (same). "And the fact that other Lloyd's underwriters who are not diverse parties in the suit may be bound by the result of the suit (whether by contract or by preclusion) is of no consequence." *Squibb I*, 160 F.3d at 939-40.[1] Although the Court dismisses the Second Amended Complaint for failure to sufficiently plead subject matter jurisdiction, it does so without prejudice and grants Prime leave to file another amended complaint to address the issues identified here. If Prime elects to do so, it may proceed under the route approved by the Second

---

[1] For example, a British lead underwriter of Lloyd's sued in its individual capacity has only British citizenship, not British citizenship plus the citizenship of every other Name underwriting the policy, let alone British citizenship plus the citizenship of every other Lloyd's Name. *See Squibb II*, 241 F.3d at 162. Of course, if a plaintiff alleges that an underwriting Name is a citizen of the plaintiff's state, diversity jurisdiction does not exist unless it can be salvaged by substituting a different lead underwriting Name that has diverse citizenship. *See Sikorsky Aircraft Corp. v. Lloyds TSB Gen. Leasing (No. 20)*, 774 F. Supp. 2d 431, 442 (D. Conn. 2011).

6

Circuit in *Squibb I*, if appropriate.[2]

### III. Conclusion

Because the Court finds that Prime has not sufficiently pleaded federal jurisdiction, the Court does not address Prime's other arguments for dismissal. The Complaint is dismissed without prejudice and the Clerk of Court is respectfully directed to close the motion pending at Docket Number 72. The Court grants Prime leave to file a third amended complaint to try to cure the issues identified above. If Prime chooses to do so, it must file that complaint by October 7, 2021. If Prime does not do so and does not show good cause to excuse its failure, the Court will direct the Clerk of Court to close the case.

SO ORDERED.

Dated: September 7, 2021
New York, New York

JOHN P. CRONAN
United States District Judge

---

[2] While not raised by Elantra or Feinman, the Court also notes two other issues with respect to the Second Amended Complaint's pleading of subject matter jurisdiction. First, Prime alleges only the individual Defendants' residences, not their domiciles or citizenships. But "a mere averment of residence in a particular state is not an averment of citizenship in that state for purposes of jurisdiction." *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905); *see Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997); *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1997); *Caren v. Collins*, 689 F. App'x. 75, 75-76 (2d Cir. 2017); Richard H. Fallon, Jr., et al., HART & WESCHLER'S THE FEDERAL COURTS & THE FEDERAL SYSTEM 1420 (7th ed. 2015) (citation omitted).

Second, the inclusion of ABC Insurance Companies 1-20 may be problematic. While the Second Circuit has not addressed the question, and district courts in this Circuit are divided, unnamed defendants may raise concerns about the existence of diversity jurisdiction. *See Hui Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447-51 (S.D.N.Y. 2014); *see also Doe v. Ciolli*, 611 F. Supp. 2d 216, 219-20 (D. Conn. 2009).

If Prime chooses to amend to properly plead citizenship as to Lloyd's, the Court recommends that Prime considers addressing these two issues as well.